THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* THE BALTIMORE AND OHIO RAILROAD
COMPANY, APPELLANT.

*Piers in New York city — right of the city to authorize the erection of sheds, etc.,
thereon.*

By the third section of chapter 249 of the Laws of 1875, as embodied in section 773
of chapter 410 of the Laws of 1882, commonly known as the consolidation act,
piers in the city of New York, which, prior to the enactment of the act of 1875,
had been used for the loading and discharging of sailing vessels regularly
employed in foreign commerce, having a draft of more than eighteen feet of
water, cannot lawfully be used for the erection of sheds or structures for the
accommodation of any individual or particular shipper to the exclusion of
the public.

As determined by the course of legislation, and by the uniform decisions of the
courts, the piers and wharves of the city of New York are but lateral extensions
of the streets or highways, and, being upon navigable waters, are wholly within
the jurisdiction of the People of the State of New York, as represented by the
legislature, and no right to interfere therewith to the detriment of navigation,
or to the obstruction of the free use thereof by the public, can be bestowed by
any local authority of the city, unless such power to permit such obstruction
has been specially delegated to the city by the legislature.

APPEAL from a judgment of the New York Special Term of
November 2, 1887, enjoining and restraining the defendant from
the use of, and requiring it to remove, the sheds and structures
erected by it upon pier No. 27 East river, in the city of New York,
below the Brooklyn bridge, which said pier is forty feet wide by
four hundred and forty-eight feet in length.

*W. W. MacFarland,* for the appellant.

*Charles F. Tabor,* attorney-general, and *William R. Wilder,* for
the respondent.

MACOMBER, J.:

The material findings of the learned trial justice are, in substance,
that the shed which was erected by the defendant interferes with
the use of the pier as a public highway, and that, consequently, the
plaintiffs are entitled to restrain such obstruction by injunction.

Under the ancient charters of the city of New York and under
colonial and State legislation, down to the year 1871, incum-

brances and obstructions upon the wharves and piers, which might interfere with free navigation, seem not to have been permitted by law. (*People* v. *Mallory*, 46 How. Pr., 283; *Commissoners of Pilots* v. *Clark*, 33 N. Y., 251.) All changes made in the law by the act of 1871 (chap. 574) were such only as raised the question whether or not the city of New York had the right to permit sheds or structures to be erected upon the docks for the accommodation of individual or particular shippers and to the exclusion of the public at large. The decision last cited, however, seems to have been a finality of that question, and thereby the right of the people, as represented by the legislation was reasserted. (*People* v. *Macy*, 62 How. Pr., 65.) The decision of *People* v. *Mallory* (*supra*) was followed by chapter 249 of the Laws of 1875. The first section of that act legalizes the erection of sheds and of structures upon piers and bulk-heads in the city of New York, upon the condition of obtaining the consent of the department of docks therefor, and declares the erections already made to be lawful. The second section thereof prohibits the landing of any vessel at such pier or bulk-head without the consent of the owner or lessee. The third section prohibits the interference with the free public use of the wharves, piers and bulk-heads of the East river, although it preserves the existence of the sheds and structures then already existing upon such docks and piers. This last mentioned portion of the act of 1875 is embodied in section 773 of chapter 410 of the Laws of 1882, commonly known as the consolidation act.

The exception made by section 773 of the consolidation act is confined only to any wharf, pier, slip or bulk-head "which has heretofore been used for the loading and discharging of sailing vessels regularly employed in foreign commerce, and having a draft of more than eighteen feet of water." The evidence is conclusive to the effect, that for many years prior to the enactment of the act of 1875, this pier, No. 27, had been used for the loading and discharging of sailing vessels of that description.

As is determined by the course of legislation and by the uniform decisions of the courts, the piers and wharves of the city of New York are but lateral extensions of the streets or highways, and, being upon navigable waters are wholly under the jurisdiction of the people as

represented by the legislature, and no right to interfere therewith to the detriment of navigation or to the obstruction to the free use of the public can be bestowed by any local authority of the city, unless the power to permit such obstruction has been previously delegated by the legislature. Hence it is, that any permanent structure which amounts to an obstruction to the public use of the pier as a public highway for the purposes of commerce, as the erection by the defendant is shown to be, is such an obstruction as the people, represented by the attorney-general, may cause to be removed by a suit for that purpose. It is not a sufficient answer for the defendant to show a mere permit given to it by the department of docks, so long as the act of 1875, now embodied in section 773 of the consolidated act, exists.

It follows, therefore, that the judgment should be affirmed with costs.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment affirmed with costs.